We'll now move to the next motion on the calendar that is United States versus Duncan. Let me make sure council is present for the appellant. Thank you, can everyone hear me? Yes, that's Mr. Magaro. Yes, I apologize in advance for the earbuds, your honors. I'm a little bit hard of hearing and it's very hard for me to hear through the speakers through my computer. That's fine, there's nothing wrong with using those. And for the government? We have counsel for the government? Good morning, your honor. Alexandra Rothman for the government. All right. Okay, Mr. Magaro, you've got five minutes, so the floor is yours. Thank you, and with the court's permission, I'd like to reserve one minute for rebuttal, if that's okay. Okay, then you've got four minutes. Thank you. Good morning, may it please the court. My name is Patrick Michael Magaro. I represent Brian Duncan here, and this is a motion for bail pending appeal. And I'm not going to belabor the point too much because I'm sure the court has read my motion papers. But when I look at the four criteria of the statute, I believe that all four criteria have been met. First and foremost is the determination whether the appellant is likely to flee or poses a danger to the community. And here we have the benefit of a transcript in which the district court has already made a specific finding by clear and convincing evidence, even after the verdict was entered, that my client was not a danger to the community and not likely to flee. And he was permitted to remain at liberty pending the completion of the sentencing proceedings for 16 months after that verdict. The Department of Probation made the same exact determination. And throughout the 16 months in which my client was released, after the verdicts of guilty, the government never once objected to either bail being continued or to he being directed to report to the Bureau of Prisons at a later date, even after sentencing was complete. I've outlined his very strong community ties, but in short, he's lifelong New York City resident with two young children and a family in Queens. In the middle of the COVID epidemic, he has not been able to go anywhere, nor do I think he would be going anywhere. So I think we've covered the ground as to that first prong here. The second is whether the appeals for the purpose of delay or not. And I'll preface this by saying that my client first sought my services as appellate counsel several months after the verdict, but approximately eight or nine months before the sentencing was actually complete. He retained me record time. And because of the COVID epidemic, the sentencing proceedings were prolonged. He stayed in contact with me. We ordered transcripts. He ultimately retained me to represent him at the conclusion of the sentencing proceedings. And we have now a full transcript. We have the transcripts of the sentencing, which was the last piece of the puzzle. And the only reason why we have not engaged in a briefing schedule yet is because one of the co-defendants has yet to complete his sentencing proceeding. And because these are going to be consolidated appeals, we have to wait for him. But this is appeal not for the purpose of delay. It might be, I guess the argument could be made if this was a guilty plea, but this is a conviction after trial, which was basis for this appeal. And now we turn to whether there's substantial issues. And I think here's where the main dispute between my position and the government's position is, I don't think we have to show that we're likely to win or that we're probably going to win. I think the statute and the case law simply shows that we have requires us to show that we have a substantial issue that if we were successful on would result in a reversal or a significant reduction of sentence. And if we look at the list of issues that I've raised or plan to raise in this appeal, we'd have sufficiency of the evidence, weight of evidence review, a sixth amendment claim for a violation of the confrontation clause, and part and parcel of that is also a right to present a defense. Those issues, if successful, would result in a reversal and a dismissal or reversal in a trial. And then we also have a sentencing issue, which if the court credits my calculation and the objections that were made would result in a much significantly lower sentence. So given all the above, I believe that we have satisfied all four prerequisites for a bail pending appeal. And I would ask the court to grant that motion its entirety. If the court has no, I'm sorry. I have a question. I mean, you have to do more than just list them, right? So what's your what is the strongest or the most substantial issue of the appellate issues you've identified? It's difficult for me to say at this point. I always tend to like the sufficiency, the legal sufficiency issues. But as I've done a deeper and deeper dive into this, I'm seeing many, many, many objections to hearsay and a lot of admission of hearsay and a lot of inclusion of defense evidence that was, in my opinion, improperly characterized as hearsay, which goes part and parcel with the right to present a defense. So to me, it's a toss up of those two issues at the moment, putting aside sentencing, which I always leave relatively for last. But those are the two issues that I that I think are neck and neck right now for the top two issues. All right. Thank you. You reserved a minute. We'll now hear from Ms. Rothman for the government. Good morning, and may it please the court. My name is Alexandra Rothman. I represent the United States on this appeal, and I also represented the United States at trial below. This court should deny appellants request for bail pending appeal because appellant is both a danger to the community and has failed to identify a substantial question of law or fact, let alone one that is likely to result in reversal of his conviction, a new trial or a reduced sentence of imprisonment. After a three week trial in May of 2019, appellant was convicted of mail and wire fraud, as well as conspiracy to commit the same for his participation in two substantially similar trip and fall fraud schemes, schemes that caused real physical harm to the hundreds of vulnerable people who were desperate enough to fake accidents, file fraudulent lawsuits, and then undergo unnecessary, risky, and sometimes life threatening surgeries, all because they just I would like to you address the danger because Judge Stein put him in right before trial because of concerns that he was over promptly let him out, which meant that he found that there that he was not a date. And so the same standard applies now. So how is he a danger now, but he wasn't a danger before sentence? That's correct. Your Honor, Judge Stein did release the defendant after his conviction. I don't think so. Your Honor, the government's position has always been in light of the conviction that he should be detained in light of the burden of proof that the burden that applies and the facts in the record. But that's the government's position and you've been consistent, but Judge Stein was not consistent. So is there something that would explain how he became more dangerous between the verdict and his appeal? I think there are a few facts that the court can consider. The first is at the time that Judge Stein released the defendant and the appellant, the appellant had not yet made his statements to the court at sentencing in which he insisted on his innocence and then claimed that the government had in fact suborned perjury by calling witnesses to testify against him. Now that fact, while perhaps not the most significant, I think does shed light on the fact that the appellant has been completely lacking in any contrition for his actions and has completely failed to accept responsibility. What's the danger that you fear? Your Honor, the defendant's actions in this case caused real danger and harm to people in the community. Physical harm, people who had surgeries that didn't need those surgeries. No, no, I understand that. I understand that. Are you concerned he's going to do that while on appeal? Exactly, Your Honor. I don't mean to minimize what you've just said, but what is the concern about his conduct if at liberty on appeal? It's that it's part of that, Your Honor. What the defendant insisted at sentencing is that he was a legitimate businessman, that DNG, his business that he started after leaving the first fraud scheme with Peter Kalkanis was legitimate. There was nothing wrong about it. And someone like that who has failed to accept responsibility, who continues in this course of conduct, who engages in conduct that harms people, cannot show by clear and convincing evidence that he is not a danger to the community. I think Judge Stein, in issuing his decision after trial, was focused solely on the witness tampering point. And the record reflects that. After the government sought detention, Judge Stein noted that, well, the risk about witness tampering is minimized now, which is, I think, correct, Your Honor. And at that point, the defendant was released on bail. But that failed to account for the broader fraud scheme in which he participated for many years, which caused harm to the community, and he could continue to do so if remaining on bail. But of course, as the court knows, you don't need to agree that the defendant is a danger to the community to find that he should remain detained pending his appeal. And that's because the defendant, the appellant, has failed to articulate any colorable claim on appeal. I'll just briefly address, I think, the two most significant issues that Appellant's Counsel has raised to the court, the first being sufficiency and the second being hearsay. The evidence at this trial was overwhelming that the appellant was a leader and a member of two serious fraud schemes. There was, Your Honor, I see my time has expired, if I could finish my answer. There was testimony from two cooperating witnesses and 11 different patients, some of them who were personally recruited by the appellant to participate in this fraud scheme. There was not a, again, the evidence was overwhelming. As to hearsay, the only issue raised in the appellant's papers relates to the admission of the intake sheets, and those were plainly admitted as co-conspirator statements with a limiting instruction, as requested by appellant, that certain intake sheets not be used against appellant in counts four, five, and six, the second conspiracy. So for all of those reasons, we ask respectfully that the court order the defendant remanded pending appeal. All right, thank you. You're asking that we deny the motion for bail? Yes, Your Honor. All right, thank you. Mr. McGarr, you've got a minute. Thank you, and permit me to quote Judge Stein directly. I find that by clear and convincing evidence that the three individuals, including my client, are not likely to flee or pose a danger to the safety of any other person or the community. That comes right from the trial transcript after the verdict. Yeah, I mean, though in fairness, when he denied bail pending appeal, he then said he couldn't find by clear and convincing evidence that your client was not a danger to the community. Right, and this goes right back to Judge Ranji's question as to what happened to make him more dangerous from one point to the next, and the answer to that is really nothing because any concern that my client would commit any future crime is dissipated over the course of 16 months between verdict and the time that the sentencing is concluded. All right, but we review the judge's about his danger for clear error, is that correct? I believe the court on this motion will review the motion de novo. I believe that's the standard. We would ourselves decide what kind of a danger your client presents? I believe so. So what does it matter? I'm not sure I agree with that, but what does it matter then that Judge Stein at one point found him not to be a danger? We would be doing it ourselves. I'm not sure I understand your position here. Well, it would be relevant to the extent that at least one judge has found it already, but what's more relevant is what occurred between the time my client was first arrested, indicted, tried, convicted, and then ultimately reported to the Bureau of Prisons, and the answer to that is nothing, nothing. We don't agree with for making such a finding, and I would say that there is no basis in the record for making any finding that my client poses a danger to the community or to any other person. Okay. Thank you. All right. Well, thank you very much. We will reserve decision, but well argued. Have a good day.